**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **JANICE COATES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 08-2557-STA-dkv** |
| | ) | |
| **HARRAHS ENTERTAINMENT,** | ) | |
| **formerly GRAND TUNICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
_____

Before the Court is Defendant Harrahs Entertainment's Motion to Dismiss (D.E. # 12) filed on February 20, 2009. Under the Federal Rules and Local Rule 7.2, Plaintiff's Response was due on March 25, 2009. To date, Plaintiff has failed to respond. For the reasons discussed below, the Motion to Dismiss is **GRANTED**.

## BACKGROUND

Plaintiff Janice Coates ("Plaintiff") filed her original complaint in this matter on August 22, 2008. It is undisputed that Plaintiff's original complaint was only a draft and was filed in error. Counsel for Plaintiff quickly discovered the error and appears to have filed a corrected Complaint soon thereafter. However, the corrected Complaint was not entered on the docket until January 22, 2009. In the mean time, Defendant was not served with the corrected Complaint and had filed a motion to dismiss the original, erroneous complaint on December 8, 2009. After receiving Plaintiff's corrected Complaint, Defendant filed its Second Motion to

Dismiss which is now before the Court.

Plaintiff's corrected Complaint contains a single claim of negligence.  Comp. ¶¶ 11-14. Plaintiff is a resident of the state of Tennessee.  *Id*. at ¶ 5.  Plaintiff identifies Defendant Grand Tunica as "a gaming casino business" which owns and operates Harrahs Casino "located in the United States of America."  *Id*. at ¶ 6.  Plaintiff asserts that this Court has jurisdiction over her claim by virtue of the First and Fourteenth Amendments, 28 § U.S.C. 1332(a)(1), and 28 § U.S.C. 1367.  *Id*. at ¶ 4.

According to the corrected Complaint, Plaintiff was a business invitee at the "Replay" grill and bar located inside Harrahs Casino on August 22, 2005.  *Id*. at ¶¶ 8-9.  Plaintiff alleges that at some point she slipped and fell on some plates on the floor of the restaurant.  *Id*. at ¶ 10. Defendant was negligent in failing to maintain the premises by allowing food and plates to accumulate on the floor creating a dangerous condition.  *Id*. at ¶ 11.  Plaintiff suffered various injuries as a result of her fall including fright, shock, contusions, knee injuries, and musculoskeletal injuries.  *Id*. at ¶ 12.  Plaintiff seeks $75,000 in compensatory damages and an award of attorney fees.

In its Second Motion to Dismiss, Defendant simply argues that the corrected Complaint (as well as the original erroneous complaint) should be dismissed because Plaintiff's allegations took place in 2005, that is, more than one year prior to the filing of the Complaint.  Therefore, Plaintiff's claims are time-barred by Tennessee's one-year statute of limitations.

Plaintiff has failed to present a timely response to any of Defendant's contentions.

## STANDARD OF REVIEW

As for a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[1]  However, legal conclusions or unwarranted factual inferences need not be accepted as true.[2]  "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[3]  "The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim."[4]

The Supreme Court has more recently stated that the Federal Rules "do not require a heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."[5]  The Sixth Circuit has subsequently acknowledged "[s]ignificant uncertainty" as to the intended scope of *Twombly*.[6]  Therefore, the Sixth Circuit has articulated the following as the

---

[1]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[2] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[3] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

[4] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[5] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("retiring" the "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

[6] *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 337 (6th Cir.2007) ("We have noted some uncertainty concerning the scope of *Bell Atlantic Corp. v. Twombly*, ... in which the Supreme Court 'retired' the 'no set of facts' formulation of the Rule 12(b)(6) standard ....").

standard of review for 12(b)(6) motions: on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."[7]  Thus, although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[8]

## ANALYSIS

Construing the Complaint in the light most favorable to the Plaintiff and accepting all factual allegations as true, the Court concludes that Plaintiff has failed to state a claim against Defendant.  Although Plaintiff makes reference to the First and Fourteenth Amendments, the Court finds that her Complaint presents a claim of simple negligence under Tennessee common law and invokes this Court's diversity jurisdiction.  In any complaint filed in federal court under diversity jurisdiction, the Court applies the procedural law of the forum state including statutes of limitations.[9]  Thus, the procedural law of Tennessee including its statute of limitations should apply.  In the case at bar, Plaintiff has failed to bring her claim within Tennessee's one-year statute of limitations for personal injury actions sounding in negligence.[10]  Plaintiff has alleged that the events giving rise to her injuries occurred on August 22, 2005.  Plaintiff filed her

---

[7] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly,* 127 S.Ct. at 1974 (2007)).

[8] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

[9] *Electric Power Bd. Of Chattanooga v. Monsanto*, 879 F.2d 1368, 1375 (6th Cir. 1989).

[10] Tenn. Code Ann. § 28-3-104.

4

original complaint on August 22, 2008, three years after her cause of action accrued.  In the absence of some allegation that the statute of limitations should be tolled, Plaintiff's claims are now time-barred under Tennessee law.  Therefore, Defendant's Motion to Dismiss is **GRANTED**.

      **IT IS SO ORDERED.**

            **s/ S. Thomas Anderson**
            S. THOMAS ANDERSON
            UNITED STATES DISTRICT JUDGE

            Date: April 9th, 2009.